UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA A. LEEDS,<br><br>　　　　Defendant. | Case No. 1:22-cv-00379-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION** |

Pending before the Court is Plaintiff United States of America's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Dkt. 38). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the record, including the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

### INTRODUCTION

In this case, the Government seeks to reduce to a judgment over $2,000,000 in penalties assessed against Richard Leeds for his failure to file Reports of Foreign Bank and Financial Accounts (FBAR penalties) (Dkt. 1). The Court granted the Government's summary judgment motion seeking a judgment against Defendant Patricia Leeds, Richard's wife, in her official capacity as the personal representative of Richard's estate (Estate) (Dkt. 36). In doing so, the Court addressed Patricia's argument that a judgment to enforce these FBAR penalties against her personally would violate the Eighth Amendment (*id.* at 21-24). The Court concluded that to the

extent the Government sought to reduce the FBAR penalties to a judgment against Patricia personally, the penalties are grossly disproportional to her culpability. The Government seeks reconsideration of this ruling (Dkt. 38). The Court denies the Government's motion for the reasons discussed below.

## BACKGROUND

The Court set forth the factual background in detail in its Memorandum Decision and Order re Motion for Summary Judgment (Dkt. 36 at 2-10). The following background is relevant to the Government's motion for reconsideration: The Government filed this action against Patricia Leeds alleging a single count to reduce FBAR penalties assessed against Richard to a judgment (Dkt. 1 at ¶¶ 48-52) (alleging count for "reduction of FBAR penalties to judgment"). When naming Patricia as the sole defendant, the Government did not identify in the caption whether it was naming her in her individual capacity or in an official capacity (*id.* at 1). Nevertheless, the Government's allegations indicated it was pursuing a judgment against Patricia in both capacities—individual and official.

Specifically, the Government alleged Patricia was named as a defendant in her official capacity as a "potential personal representative" of the Estate (*id.* at ¶ 5). Further, the Government alleged Patricia was named in her individual capacity as a "potential successor-in-interest" to the Estate and as a potential "distributee of the Estate" (*id.*). Although the Government has never explained what it means by "distributee" and "successor-in-interest" in the context of this case, those allegations implicated Patricia's personally (*see, e.g.*, Dkt. 11) (explaining Government sued Patricia "in her capacity as the potential personal representative of the Estate, *among other capacities*") (emphasis added). This conclusion is supported by the fact that the Government

further alleges in its complaint that the sole defendant, Patricia, is "liable for the FBAR penalties" and "for interest and penalties" (Dkt. 1 at ¶¶ 51-52).

Patricia moved to dismiss the Government's complaint, arguing that it could not "commence any action concerning [Richard's] alleged debt prior to the appointment of a personal representative" for his Estate (Dkt. 9-1). In response, the Government moved the Court to appoint a personal representative for the Estate for purposes of this litigation (Dkt. 12). In doing so, the Government did not foreclose the possibility that it would continue to pursue a judgment against Patricia in her individual capacity. Specifically, the Government represented that "should [Patricia] not be selected as the personal representative, the United States will amend its complaint to substitute the selected personal representative in the place of [Patricia] *and/or* amend to add this personal representative as an *additional* defendant" (Dkt. 12-1 at 3 n.1) (emphasis added).

The Court granted the Government's motion to appoint a personal representative, and Patricia accepted that appointment (Dkts. 18, 19). The Government, however, never amended its complaint either to name Patricia solely in her official capacity as the Estate's personal representative or to remove her as a defendant in her individual capacity. When Patricia answered the complaint, she expressly asserted she was not personally liable for the FBAR penalties in her individual capacity (Dkt. 20 at 10). Specifically, her answer alleges that any liability Richard may have for the FBAR penalties does not extend to her as a beneficiary of his Estate (Dkt. 20 at 10).

After discovery, the Government moved for summary judgment (Dkt. 24). In opposing this motion, Patricia characterized the Government's claim as seeking, in part, to collect the FBAR penalties against her personally (Dkt. 29 at 41). Further, she expressly argued that to the extent the Government seeks to enforce the penalties against her, "such enforcement would necessarily conflict with the Eighth Amendment" because the penalties are "grossly disproportional" to her

**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION - 3**

culpability (*id.* at 42-43). In response, the Government argued generally that the Eighth Amendment is inapplicable because the penalties are remedial in nature and not punishment (Dkt. 32 at 11-13). It did not address, however, Patricia's disproportionality argument under the Eighth Amendment. Instead, it simply stated—contrary to its allegations—that her argument was "misdirected" because "this action is not against her personally" (*id.* at 13).

In addressing the Government's summary judgment motion, the Court noted the Government's allegations "are less than clear" whether the Government intends to enforce a judgment for FBAR penalties against Patricia personally (Dkt. 36 at 22). For this reason, the Court addressed Patricia's argument that the penalties are grossly disproportional as to her (*id.* at 21-24). Because the Government did not challenge Patricia's sworn statement that she was "completely unaware" of Richard's accounts giving rise to the penalties until the Government commenced its investigation of those accounts, the Court ruled the penalties are grossly disproportional to Patricia's culpability (*id.* at 24). The Government now seeks reconsideration of that ruling (Dkt. 38)

**LEGAL STANDARD**

The Government moves for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. As the Ninth Circuit has explained, Rule 59(e) is used to request a court's substantive change of mind. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014); *see also Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). Under Rule 59(e), a district court may grant relief (1) "to correct manifest errors of law or fact upon which the judgment rests"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d

950, 955 (9th Cir. 2013). "Manifest injustice" is defined as "an error in the trial court that is 'direct, obvious, and observable.'" *Ctr. for Biological Diversity v. Little*, No. 1:21-CV-00479-CWD, 2025 WL 733014, at *2 (D. Idaho Feb. 4, 2025) (quoting BLACK'S LAW DICTIONARY, 11th Ed., 2019). "A manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.*

Relief under Rule 59(e) is an extraordinary remedy. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Absent highly unusual circumstances, a court should not grant a motion for reconsideration. *Id.*; *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Notably, a party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Additionally, a Rule 59(e) motion is not a means to relitigate losing arguments. *Ctr. for Biological Diversity*, 2025 WL 733014, at *2 ("Rule 59 is not intended to provide litigants with a 'second bite at the apple.'") (citing *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)). A court has broad discretion under Rule 59(e), including when a motion seeks relief from a summary judgment order. *Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir. 1988).

## ANALYSIS

The Government seeks reconsideration of the Court's ruling that the FBAR penalties are grossly disproportional to Patricia's culpability (Dkt. 38).[1] In challenging the Court's ruling, the Government essentially raises three arguments. They include that the Court's ruling is an improper advisory opinion; the ruling is an "injunction or declaratory judgment" prohibiting collection of

---

[1] The Government, however, does not challenge the Court's conclusion that FBAR penalties are fines under the Eighth Amendment's excessive fines clause.

the FBAR penalties; and the Eighth Amendment analysis regarding Patricia is "improper." The Court is not persuaded by these arguments.

First, the Government argues that it "did not seek any relief against [Patricia] individually, or against any property in which she has an interest" and that, as a result, the Court's ruling "amount[s] to a prohibited advisory opinion" (Dkt. 38-1 at 8). The Court disagrees that the parties did not place at issue whether Patricia is personally liability for a judgment enforcing the FBAR penalties. As noted above, the Government has never withdrawn its allegations against Patricia personally. The Government's complaint seeks a judgment to enforce the FBAR penalties against Patricia in both her individual and official capacities (Dkt. 1 at ¶¶ 5, 51-52). Later, in response to Patricia's motion to dismiss, the Government suggested it might substitute a personal representative for Patricia or, alternatively, leave Patricia as a defendant and add an additional defendant (Dkt. 12-1 at 3 n.1). The Government, however, never amended its complaint to clarify its position.

Meanwhile, Patricia has always indicated she understood the Government intended to enforce the FBAR penalties against her personally. She alleged a defense in her answer that she is not personally liable for the penalties (Dkt. 20 at 10). Also, she characterized the Government's claim on summary judgment as seeking to collect the penalties against her personally (Dkt. 29 at 41) ("The government seeks to collect $1,941,585.22 from Mrs. Leeds."). And, she opposed summary judgment by asserting that a judgment enforcing the penalties against her personally would violate the Eighth Amendment (*id.* at 42-43). Rather than addressing this argument, the Government only cryptically disclaimed its intent to enforce the FBAR penalties against Patricia personally in a single sentence on the last page of its reply brief by stating, contrary to its allegations, that "this action is not against her personally" (Dkt. 32 at 13). Because the

**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION - 6**

Government's allegations placed at issue Patricia's personal liability for the FBAR penalties and Patricia challenged those allegations, the Court's ruling is not an improper advisory opinion.

Second, the Government argues that "the Court's order effectively operates as an injunction or declaratory judgment prohibiting *any* (hypothetical) future collection related to the FBAR penalties against [Patricia] individually or against any property in which she has an interest" (Dkt. 38-1 at 8). Although the Court disagrees with the Government's characterization of its ruling, it does agree that the Court's ruling forecloses the Government's ability to obtain a judgment enforcing the FBAR penalties against Patricia personally. This ruling, however, is not contrary to the Government's position on reconsideration. Indeed, the Government now concedes on reconsideration that an FBAR penalty cannot be "applied to a non-violator" like Patricia (*id.* at 11).

The Court, however, disagrees with the Government's assertion that the Court's ruling "amounts to an 'advisement or recommendation' about future hypothetical collection" "related" to the FBAR penalties (*id.* at 8, 9). In support of this assertion, the Government posits that Richard may have fraudulently transferred property to Patricia and characterizes the Court's ruling as "creating perverse incentives [for FBAR violators to] avoid collection of FBAR penalties by simply transferring their foreign assets to unwitting family members" (*id.* at 14). In support, the Government cites cases in which it sought to set aside FBAR violators' fraudulent transfers. *See United States v. Harrington*, 719 F. Supp. 3d 1171, 1175 (D. Colo. 2024) (requesting "determination that [violator] fraudulently transferred the foreign funds" to another defendant and requesting the transfer be set aside); *United States v. Park*, 389 F. Supp. 3d 561, 566, 577-79 (N.D. Ill. 2019) (noting Government alleged counts to set aside fraudulent transfers and denying motion

MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION - 7

to dismiss those counts); *United States v. Kotzev*, No. 1:18-cv-1409, 2022 WL 212702, at *3 (E.D. Va. Jan. 24, 2022) (seeking to set aside fraudulent transfers).

In contrast to these cases, however, the Government has not alleged any claim to set aside a fraudulent transfer from Richard to Patricia or otherwise. Rather, the only count the Government alleges is for a "reduction of FBAR penalties to judgment" (Dkt. 1 at 8-9). Further, the Government offers no evidence in support of its supposition that Richard may have fraudulently transferred property to Patricia, and the Court has not ruled on any allegations or arguments about fraudulent transfers. Simply put, the Court's ruling does address any fraudulent transfers or how the Government might legally proceed if it discovers such transfers. Accordingly, the Court's ruling that the Government may not enforce a judgment for FBAR penalties against Patricia personally is neither an "advisement" nor a "recommendation" on the Government's ability to collect the penalties.

Finally, the Government argues that applying the Eighth Amendment analysis to Patricia is "improper" "because this is not a forfeiture action" (Dkt. 38-1 at 10). Contrary to this argument, however, the Court ruled that the disproportionate analysis under the Eighth Amendment is not limited to forfeiture actions but also applies in the context of FBAR penalties. *See United States v. Schwarzbaum*, 127 F.4th 259, 274 (11th Cir. 2025) (holding Eighth Amendment applies to FBAR penalties). If the Government's allegations had not sought a judgment to enforce the FBAR penalties against Patricia personally—as the Government now concedes it may not—then, applying the disproportionate analysis as to Patricia would have been unnecessary. Because the Government did not acknowledge such enforcement was not permissible until it moved for reconsideration, however, the Court properly considered whether the FBAR penalties were disproportionate to Patricia's culpability.

**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION - 8**

Moreover, the Court did not misapply the disproportionate analysis. Challenging the Court's analysis, the Government argues that the Court was required to consider whether a penalty is grossly disproportionate on "an account-by-account basis" (Dkt. 38-1 at 10). Applying the analysis on an account-by-account basis, however, was unnecessary in this case. As the Court's ruling notes, Patricia argued she had no knowledge of the accounts, did not have any interest in them, and was completely unaware of them until the Government began its investigation (Dkt. 36 at 23). The Government did not challenge these arguments (*id.*). Accordingly, considering Patricia's culpability on an account-by-account based would have been nonsensical. The analysis is the same: the Government does not challenge that Patricia was completely unaware of *both* accounts.

Based on the foregoing, the Court denies the Government's motion for reconsideration.

## ORDER

IT IS ORDERED that:

1. The United States' Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) is **DENIED**.

DATED: August 25, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION - 9**