UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICIA A. LEEDS,<br><br>        Defendant. | Case No. 1:22-cv-00379-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Patricia Leeds's Second Motion for Reconsideration of the Court's Memorandum Decision and Order (Dkt. 48). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decision-making process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion is denied.

## BACKGROUND

The Court granted the Government summary judgment on March 7, 2025 (Dkt. 36). Judgment was entered thereafter on August 25 (Dkt. 44). Defendant filed a first motion for reconsideration on August 26 (Dkt. 45), which raised, among other issues, arguments concerning the Seventh Amendment right to a jury trial in the context of this Court's summary judgment adjudication (Dkt. 45-1 at 14). Defendant filed this second motion for reconsideration on September 30 (Dkt. 48), advancing a different Seventh Amendment theory—namely, that the Internal Revenue Service's administrative assessment and imposition of Foreign Bank and Financial Accounts (FBAR) penalties, as opposed to the Court's resolution of the case on summary judgment, violated Defendant's jury-trial rights (Dkt. 48). The Court denied the first motion for

MEMORANDUM DECISION AND ORDER - 1

reconsideration and now considers the second motion. Because the second motion is untimely, under Rule 59(e) the Court lacks the discretion to grant it under that rule, and as explained below, Leeds has not shown a right to relief under Rule 60(b).

## LEGAL STANDARD

A party may move for reconsideration of a summary judgment order under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Clifford v. Rice*, 1999 WL 542867, at *1 (9th Cir. 1999) (unpublished) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). Leeds cites both rules. Rule 59(e) is used to request a court's substantive change of mind; meanwhile, Rule 60(a) is used to correct a judgment to implement its intended purpose. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014); *see also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity if necessary for enforcement.").

Here, Leeds seeks substantively different rulings which are contrary to the Court's summary rulings and are not merely for clarification or explanation. Accordingly, Rule 59(e) is the applicable rule. Under Rule 59(e), a district court may grant relief to, among other reasons: (1) "correct manifest errors of law or fact upon which the judgment rests"; (2) "present newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Relief under Rule 59(e) is an extraordinary remedy. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Absent highly unusual circumstances, a court should not grant a motion for

reconsideration. *Id.*; *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Notably, a party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

## ANALYSIS

**A.     Timeliness**

Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The Court may not extend the deadline. Fed. R. Civ. P. 6(b)(2); *see also Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). Here, Leeds's second motion for reconsideration is untimely. The Court entered its Memorandum Decision and Order granting summary judgment on March 7, 2025 (Dkt. 36). Final judgment was entered on August 25, and Leeds filed her second motion for reconsideration on September 30 (Dkts. 44, 48). Based on this timeline, Leeds filed her second motion thirty-six days after the entry of judgment (Dkt. 44; Dkt. 48).

In addition to being untimely under Rule 59(e), Leeds's motion also fails to satisfy Rule 60(b)'s requirements. Rule 60(b) provides limited, extraordinary relief from a final judgment only upon a showing of specific grounds, such as newly discovered evidence, fraud, mistake, or other exceptional circumstances. Fed. R. Civ. P. 60(b)(1)–(6). Leeds does not identify newly discovered evidence, mistake, fraud, or any other extraordinary circumstance arising after entry of judgment that would justify relief under Rule 60(b) (*see generally* Dkt. 48). Instead, Leeds advances a new legal theory that could have been raised before judgment, or at the latest, in her first motion for reconsideration. Such use of Rule 60(b) is improper. Because Leeds filed her

MEMORANDUM DECISION AND ORDER - 3

second motion for reconsideration too late and fails to establish any basis for relief under Rule 60(b), the motion fails.

**B.    Leeds Has Waived Available But Previously Unraised Arguments**

Even if the motion was timely, however, it still fails because it raises arguments which Leeds could have but did not present earlier. Before any penalties were assessed against Leeds, courts had addressed the scope of the Seventh Amendment in the context of civil penalties, administrative enforcement schemes, and the distinction between public and private rights. *See, e.g.*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 51–55 (1989); *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 455 (1977); *see also SEC v. Jarkesy*, 603 U.S. 109, 112-13 (2024) (discussing the historical development of relevant case law). Leeds does not identify an intervening change in controlling law that created the argument she advances now. Rather, Leeds relies on a legal theory that was available at every stage of this litigation but not raised.

Leeds's Answer included a demand for a jury trial but did not assert that the administrative assessment of FBAR penalties itself violated that right to a jury trial (*see generally* Dkt. 20). Further, in opposing summary judgment, Leeds only referenced the Seventh Amendment in a footnote, explaining Leeds did "not claim that this summary judgment proceeding *per se* violates Defendant's constitutional right to a jury trial under the Seventh Amendment . . . . Rather, if the Court denies the government's motion for summary judgment, Defendant will have a right to have a jury evaluate the government's evidence" (Dkt. 29 at 11 n.3). Notably, Leeds did not argue that assessment of FBAR penalties violated the Seventh Amendment or that such an assessment barred this Court from adjudicating liability on summary judgment. To the contrary, Leeds proceeded as if the case was properly before the Court for judicial resolution (*see generally* Dkt. 29).

MEMORANDUM DECISION AND ORDER - 4

After judgment was entered, Leeds again had an opportunity to raise her Seventh Amendment challenge in her first motion for reconsideration. Indeed, that first motion expressly invoked the Seventh Amendment and challenged the propriety of resolving willfulness on summary judgment (Dkt. 45-1 at 14-15). Yet, even then, Leeds did not argue that the administrative assessment of FBAR penalties constituted a separate Seventh Amendment violation. This repeated omission is significant even if the Court had the discretion to grant the instant motion. A party may not use successive motions for reconsideration to advance new theories that were previously available but not asserted. *Kona Enters.*, 229 F.3d 890.

Simply put, Leeds did not raise a Seventh Amendment challenge to the administrative assessment or imposition of FBAR penalties until thirty-six days after the judgment was entered. Leeds likewise failed to preserve this theory through any timely objection during the administrative assessment process which culminated in September 2020, meaning Leeds waited over five years to make the argument. Accordingly, the belated challenge is not a proper basis for reconsideration. Even if the argument had not been foregone on multiple occasions, Leeds does not identify newly discovered evidence, an intervening change in controlling law, clear error, or manifest injustice that would justify reconsideration. *See Kona Enters.*, 229 F.3d at 890. Relitigating the Court's summary judgment ruling based on a constitutional theory that was capable of being raised earlier, was addressed in related form, and was not asserted, is insufficient. *Id.*

C.  **Constitutional Avoidance**

Finally, even if the Court were inclined to reach the merits, it would decline to do so here. The Ninth Circuit has made clear that courts should avoid deciding constitutional questions where a case may be resolved on narrower, non-constitutional grounds. *Correa v. Clayton*, 563 F.2d 396, 400 (9th Cir. 1977) ("In reaching our conclusion, we are guided by the traditional principle that a

**MEMORANDUM DECISION AND ORDER - 5**

federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available.") (internal quotations omitted). Because the second motion is untimely, rests on waived arguments, and is procedurally improper, resolution of the Seventh Amendment issue Leeds now advances is unnecessary to the disposition of the motion.

## ORDER

IT IS ORDERED that Defendant's Second Motion for Reconsideration (Dkt. 48) is **DENIED**.

DATED: February 13, 2026

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6